**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4519

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUADREE SHAKUR MAYERS, a/k/a Speedy,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Sherri A. Lydon, District Judge.  (3:20-cr-00487-SAL-1)

Submitted:  February 27, 2025                    Decided:  March 3, 2025

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Joshua S. Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant.  Katherine Hollingsworth Flynn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quadree Shakur Mayers appeals his convictions and the 120-month sentence imposed following his guilty plea to four drug distribution offenses and two firearm offenses, including possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e). Mayers's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether, following *Bruen*,[*] 18 U.S.C. § 922(g)(1) is unconstitutional as applied to Mayers. Counsel also questions whether Mayers, who briefly represented himself prior to entering a counseled guilty plea, knowingly and intelligently waived his right to counsel. Though notified of his right to do so, Mayers has not filed a pro se supplemental brief. The Government has declined to file a response brief. We affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Mayers did not preserve any error in the plea

---

[*] *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022) (holding that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation").

proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard). Based on our review of the record, we conclude that Mayers's guilty plea was knowing, voluntary, and supported by an independent basis in fact. Consequently, Mayers has waived any issue relating to his pre-plea waiver of counsel. *United States v. Buster*, 26 F.4th 627, 631 (4th Cir. 2022) ("[A] valid guilty plea waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." (internal quotation marks omitted)).

Turning to the validity of Mayers's felon-in-possession conviction, this court recently held, post-*Bruen*, that § 922(g)(1) convictions are not susceptible to as-applied Second Amendment challenges. *United States v. Hunt*, 123 F.4th 697, 702-08 (4th Cir. 2024). We therefore conclude that *Hunt* forecloses Mayers's *Bruen* argument.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mayers, in writing, of the right to petition the Supreme Court of the United States for further review. If Mayers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mayers.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*